[No. 4627.]

RICHARDSON v. WORTMAN.

**Summons—Service by Publication.**

Where service of summons by publication was quashed because the affidavit for publication was made before the sheriff had returned the summons with his certificate that defendant could not be found in his county, it was not necessary to issue and have the sheriff return an alias summons before ordering service by publication and a delay of five months between the return of the original summons by the sheriff and the making of the order of publication did not invalidate the order of publication nor render the service void.

*Error to the District Court of Arapahoe County: Hon. Samuel L. Carpenter, Judge.*

This is an action brought to recover certain sums of money alleged to be due defendant in error (plaintiff below) from plaintiff in error (defendant below)

upon an agreement for the sale by plaintiff to defendant of certain mining property, and for money alleged to be due for board and lodging furnished to the employees of defendant, and for goods, wares and merchandise sold to her, and work and labor performed at her request. The complaint was filed November 4, 1901. On the same day a writ of attachment was issued and executed by attaching the interests of defendant in certain mining claims. The writ was returned and filed on November 11, 1901. On November 4 summons was issued and returned to and filed in the office of the clerk of the court with the following indorsement thereon:

"State of Colorado, County of Arapahoe, ss:

"I do hereby certify that I received the within summons on the 6th day of November, A. D. 1901, and I further certify on this 18th day of November, A. D. 1901, that I have duly executed the same by making due and diligent search for more than ten days last past for E. J. H. Richardson, the within named defendant, and after such due and diligent search I cannot find the said E. J. H. Richardson in the county and state aforesaid.

"Robert J. Jones, Sheriff.
"By N. Lilburn Watson."

On November 21, 1901, plaintiff filed the following affidavit:

"State of Colorado, County of Arapahoe, ss:

"George C. Wortman, of lawful age, being first duly sworn, upon his oath deposes and says that he is the plaintiff in the above entitled action, that a cause of action exists against the said defendant E. J. H. Richardson in favor of this plaintiff, and that said defendant is a necessary and proper party to said action; that said defendant resides out of the

state of Colorado, and the post office address of said defendant is Springville, in the county of Erie and state of New York.     "George C. Wortman.

"Subscribed and sworn to before me this 9th day of November, A. D. 1901.   My commission expires May 6, 1905.     "B. L. Pollock, Notary Public."

On November 22, 1901, the clerk ordered that service of summons be made on defendant by publication, and on the same day filed his affidavit that he had mailed a copy of the summons to defendant at her place of residence as given in plaintiff's affidavit.

On February 1, 1902, the defendant, appearing specially by her counsel for that purpose only, filed a motion to quash the service of the summons upon her.   This motion was sustained on April 2, 1902, upon the ground that the plaintiff's affidavit that the defendant resided outside of the state had been subscribed and sworn to nine days before the sheriff made his return to the summons.

On April 21, 1902, the following affidavit was filed by the plaintiff:

"State of Colorado, County of Lake, ss:

"George C. Wortman, of lawful age, being first duly sworn, upon his oath deposes and says: That he is the plaintiff in the above entitled action; that a cause of action exists against the said defendant E. J. H. Richardson, in favor of this plaintiff, and that said defendant is a necessary and proper party to said action; that the said defendant has ever since the commencement of the above entitled action been a nonresident of the state of Colorado, and still resides out of the state of Colorado, and the post office address of said defendant is Springville, in the county of Erie and state of New York.

                    "George C. Wortman.

"Subscribed and sworn to before me this 18th day of April, A. D. 1902. My commission expires July 12.

[Seal.]        "Philip M. Wall, Notary Public."

On the same day, April 21, 1902, the following order was entered of record:

"At this day, it appearing from the affidavit of the plaintiff filed herein that the said defendant resides without the jurisdiction of the  state of Colorado, so that personal service of the summons herein cannot be made upon him, it is ordered that service of summons in this case be made upon the defendant by publication of the same once a week for four successive weeks in The Rocky Mountain Herald, a public newspaper published in the city of Denver, county and state aforesaid.

"Otis B. Spencer, Clerk District Court.
"By E. E. Sommers, Deputy."

And on the same day the clerk filed his affidavit as follows:

"Otis B. Spencer, clerk of the district court of Arapahoe county, being first duly sworn on oath says: That he has this day deposited in the post office at Denver a copy of the summons in this case addressed to the defendant, E. J. H. Richardson, at her place of residence, Springville, Erie county, New York, as given in the affidavit of plaintiff on file herein, and with postage prepaid thereon.

"Otis B. Spencer, Clerk.

"Subscribed and sworn to before me this 21st day of April, 1902. My commission expires June 22, 1904.

[Seal.]        "Elmer E. Sommers, Notary Public."

On July 3, 1902, defendant, appearing specially for the purpose, filed a motion to quash the second service of summons on the ground that it had not been made in the manner prescribed by the code. This motion was denied. On September 15, 1902, proof of publication of the service of the summons was made. On October 20, 1902, defendant filed a petition to vacate the order theretofore entered on her former motion to quash and for a rehearing on said motion. On November 3, 1902, this petition was denied and ten days were allowed the defendant within which to plead. On November 18, 1902, defendant having failed to plead, default was entered, and on November 26, 1902, judgment was entered in favor of plaintiff for $3,787.52 and costs, and the attachment sustained.

Messrs. THOMAS, BRYANT & LEE, for plaintiff in error.

Mr. H. M. ORAHOOD and Mr. W. T. ORAHOOD, for defendant in error.

Mr. JUSTICE GODDARD delivered the opinion of the court.

It is contended by counsel for plaintiff in error that the issuance and return of an alias summons showing that the same could not be personally served on the defendant at the time of the issuance of the order for publication was an essential step and a condition precedent, and that the delay of five months between the return of the first summons and the making of the order of publication was fatal to the validity of the order, and rendered the service of the summons void, notwithstanding the affidavit of plaintiff filed at the time the order was made established the fact that the defendant had been a nonresident of the state ever since the commencement of the

action, and still resided out of the state, and whose post office address was Springville, in the county of Erie, state of New York.

In the case of *Eagle Gold Mining Co. v. Bryarly,* 28 Colo. 262, wherein several actions were consolidated, the procedure for the obtaining of the order of publication was very similar to the steps taken here. There was a delay of more than four months between the return of the sheriff on the summons there issued and the final order upon which publication of summons was made owing to a successful attempt on the part of the defendant to quash the first publication, as in this case. The orders were made and publication of summons had upon new affidavits filed at the time the order was obtained. Mr. Justice Steele, who delivered the opinion of the court, after quoting section 41 of the code, which controls in cases of service of summons by publication, says:

"It is apparent from an examination of this statute that the return of the sheriff was not intended by the legislature to be made the basis of the order for publication, because the service is only to be attempted in the county where the suit is brought, and the information that the defendant is a nonresident is contained only in the affidavit made by the plaintiff."

The court there held that the several steps having been taken in the order required by the code, the delay between the return of the sheriff and the making of the order of publication was not fatal to the service of the process, and sustained the action of the court below in entertaining jurisdiction of the case.

There is no substantial difference between the facts in that case and those disclosed in the record before us, and under the rule there announced the

court below rightly entertained jurisdiction of this action, and its judgment is therefore affirmed.

*Affirmed.*

Chief Justice Gabbert and Mr. Justice Bailey concur.